# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30903
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DUSTY EUGENE LOUGHRIDGE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-24-2

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Dusty Eugene Loughridge appeals the 235-month sentence imposed following his guilty plea to conspiracy to distribute methamphetamine. He asserts that the district court clearly erred in applying a two-point enhancement to his sentence for his role in the offense.

Section 3B1.1(c) provides for a two-level enhancement if the defendant is an organizer, leader, manager or supervisor of criminal activity. U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30903

§ 3B1.1(c).  The commentary provides that a defendant qualifies for a § 3B1.1 enhancement if he was "the organizer, leader, manager, or supervisor of one or more other participants."  § 3B1.1, comment. (n.2).  A district court's finding regarding a defendant's role in an offense is reviewed for clear error, *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006), and the factual finding that a defendant is a leader or organizer need only be supported by a preponderance of the evidence, *United States v. Puig-Infante*, 19 F.3d 929, 944 (5th Cir. 1994).

Contrary to Loughridge's argument, the district court did not clearly err in finding that he exercised a supervisor role in the drug conspiracy.  When the evidence demonstrates that a defendant directed another in his drug trafficking activities, a sentence enhancement under § 3B1.1(c) is appropriate. *See United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003).   The evidence in the record indicates that Loughridge, at the very least, exercised control over Cody James Bradberry by directing Bradberry to collect drug debts on his behalf.  *See Turner*, 319 F.3d at 725.  Accordingly, the district court's finding that Loughridge exercised a supervisor role in the drug conspiracy is "plausible in light of the record as a whole." *Rose*, 449 F.3d at 633.  The judgment of the district court is therefore AFFIRMED.